```
              UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION
```

```
IN RE:                         )
                               )
EBW Laser, Inc.,               )    Case No. 05-10220C-11G
                               )
         Debtor.               )
_____)
                               )    Case No. 05-10221C-11G
EBW, Inc.,                     )
                               )    (Jointly Administered)
         Debtor.               )
                               )
```

                       ORDER AND OPINION

These cases came before the court on May 26, 2005, for hearing upon the Trustee's motion to approve settlement agreement. Charles M. Ivey, III appeared as Chapter 7 Trustee in this case and William H. Schrag, Troy S. Brown and William E. Burton, III appeared on behalf of Alcon Laboratories, Inc. and RefractiveHorizons, L.P. Also appearing at the hearing was Douglas S. Harris, who appeared as attorney for the Debtors in litigation that was pending when these cases were filed. Having considered the motion to approve settlement agreement and the documents attached thereto, the evidence submitted by the Trustee in support of the motion, the matters of record in these cases and the arguments of counsel, the court finds and concludes as follows:

1.   These cases were filed by the Debtors as Chapter 11 cases on January 24, 2005. These cases were converted to cases under Chapter 7 by orders entered on March 31, 2005. Charles M. Ivey, III is the duly appointed, qualified and acting trustee in each of

these Chapter 7 cases.

2. Prior to the filing of the bankruptcy petitions, the Debtors had entered into certain business transactions with Alcon Laboratories, Inc., and RefractiveHorizons, L.P. (collectively, "Alcon") which gave rise to certain agreements wherein Debtor EBW Laser, Inc. acquired from Alcon certain LADARVision laser machines which Debtors placed with ophthalmologists who used the machines for corrective laser surgery on patients. Certain formal agreements were entered into, including (i) LADARVision Agreement between EBW and Summit Technology, Inc. and Autonomous Technologies Corporation dated March 8, 2000; (ii) LADARVision Agreement between EBW and Alcon dated January 31, 2001; (iii) LADARVision Agreement (First Amendment to the March 8, 2000 Agreement) between EBW and Alcon dated January 31, 2001; and (iv) LADARVision Agreement (First Amendment to the January 31, 2001 Agreement) between EBW and Alcon dated February 20, 2001.

3. Disputes arose involving the LADARVision agreements and equipment in which Alcon sought amounts which it contended were due under the agreements and in which the Debtors disputed such claims, contending that the machines were defective and that Alcon had interfered with Debtors' contractual relationships. These disputes resulted in litigation being instituted by Alcon and the Debtors. On April 21, 2003, Alcon commenced an action against the Debtors in Tarrant County, Texas, entitled Alcon Laboratories, Inc. and

RefractiveHorizons, L.P. v. EBW, Inc. and EBW Laser, Inc., Civ. No. 067-198478-03 (the "Texas State Court Litigation"), seeking injunctive relief and damages in the principal amount of $1,873,167.02 plus interest, attorney's fees, and expenses.  A second action was instituted by EBW Laser on May 20, 2003.  This action was commenced in North Carolina state court entitled EBW Laser, Inc. v. Alcon Laboratories, Inc. and RefractiveHorizons, L.P., and was removed by Alcon on June 30, 2003 to the United States District Court for the Middle District of North Carolina (the "North Carolina District Court"), Case Number 03-CV-00605 (the "North Carolina District Court Litigation").  A third action was instituted on June 3, 2003, which involved GE Health Care Financial Services ("GE") filing suit against EBW Laser, Inc. in an action in North Carolina District Court entitled GE Healthcare Financial Services v. EBW Laser, Inc., Case No. 03-CV-00514 (the "GE Litigation").  On July 14, 2003, EBW Laser answered GE's complaint and asserted third-party claims against Alcon.  This third-party complaint was dismissed on December 8, 2004, and EBW Laser filed a notice of appeal to the Court of Appeals for the Fourth Circuit.  A fourth action was instituted on December 29, 2004, wherein Dr. Sheri Rowen, Rowen Ophthalmology, P.C. and EBW Laser of Baltimore, LLC filed suit against Alcon and EBW Laser in the North Carolina District Court in an action entitled Sheri Rowen, M.D., Rowen Ophthalmology, P.C. and EBW Laser of Baltimore, LLC v. EBW Laser,

Inc., Alcon Laboratories, Inc. and Alcon RefractiveHorizons, Inc., Case Number 04-CV-01213 (the "Rowen Litigation"). EBW Laser filed an answer and cross-claim on January 24, 2005, admitting liability but asserting cross-claims against Alcon.

4. After the filing of the Debtors' bankruptcy petitions, Alcon filed a motion in this court requesting that the automatic stay be modified to permit the Texas State Court Litigation to proceed to final judgment. By order dated March 3, 2005, this court granted Alcon's motion. The Debtors filed a motion for reconsideration which was pending when these cases were converted to cases under Chapter 7. The court, with consent of the parties, continued the hearing on the motion for reconsideration to allow the Trustee to familiarize himself with these cases and evaluate the motion for reconsideration.

5. The Trustee conducted an investigation into the nature and merits of the EBW Litigation which has been directed against Alcon and the merits of the Alcon Litigation which has been directed against the Debtors. The Trustee also investigated the ability of the Trustee to sell four LADARVision laser machines owned by EBW Laser, Inc. The Trustee has reviewed the pleadings in the pending litigation, held conferences with the President of the Debtors, Mark McDaniel, the attorneys involved in litigation on behalf of the Debtors and with the attorneys for Alcon and has conducted his own legal research and investigation into the merit

of the claims, the status of the litigation, and the probability of success if the litigation were pursued by the Trustee. Based upon his investigation and experience, the Trustee, subject to court approval, has reached a settlement with Alcon which would represent a complete and total settlement of any and all outstanding issues by and between the Debtors and Alcon. Pursuant to such settlement, the parties have entered into a written settlement agreement, a copy of which is attached to the motion now before the court.

6. The general terms of the proposed settlement are as follow: (a) Alcon will enter into an Asset Purchase Agreement with the Debtors to purchase the four (4) LADARVision laser machines from the EBW Laser, Inc. estate for the sum of $300,000.00, plus a reduction in its allowed general unsecured claim by the amount of the purchase price and waiver of Alcon's claim for any pre-petition interest or attorney's fees, such that Alcon's allowed claim in these cases shall equal $1,573,167.02. This allowed claim represents a negotiated reduction in the Alcon claim of approximately $500,000.00. The sale is to be free and clear of any and all liens, encumbrances, or other claims of interest and the machines are being sold "as is" without any warranties by the Trustee; (b) Alcon shall have an allowed general unsecured claim for $1,573,167.02 in each of these cases; (c) the Trustee, on behalf of the Debtors' estates, shall reject the executory contracts with Alcon and Alcon will not file any claim for

rejection damages; (d) the Trustee shall dismiss with prejudice all pending litigation against Alcon, including the filing of a Motion to Dismiss Appeal in the GE Litigation, Voluntary Dismissal with Prejudice of Cross-Claims in the Rowen Litigation, Dismissal with Prejudice of Plaintiff's case in North Carolina District Court Litigation, Voluntary Dismissal with Prejudice of the Third-Party Claim in the GE Litigation, Agreed Order of Remand to be submitted to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division; (e) the Trustee will withdraw his Motion to Transfer and his Motion to Withdraw Answer and Counterclaim in the Texas State Court Litigation and will not oppose the entry of the agreed final judgment by the Texas Court in the amount of $2,071,158.21, consisting of the principal sum of $1,873,167.02 plus $199,991.19 in pre-petition and pre-judgment interest; and (f) the parties will exchange complete and full releases.

7. The proposed settlement between the Trustee and Alcon is before the court pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In deciding whether a settlement proposed by a bankruptcy trustee should be approved, the bankruptcy court should make an informed, independent judgment as to whether a settlement is fair and equitable and in the best interests of the

estate.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 425 (1968); In re Energy Coop., Inc., 886 F.2d 921 (7th Cir. 1989).  In making this determination, the court is not required to turn the settlement hearing into a trial or a rehearsal of a trial on the merits, nor is the court required to reach any dispositive conclusions regarding any unsettled legal issues in the case.  See Port O'Call Inv. Co. v. Blair (In re Blair), 538 F.2d 849, 851 (9th Cir. 1976) ("mini trial" on the merits not required).  Instead, the court may limit the proceedings and its consideration to whatever is necessary in order for the court to determine whether the settlement is in the best interest of the estate.  See Flinn v. FMC Corp., 528 F.2d 1169, 1172-73 (4th Cir. 1975).  It is the court's responsibility to "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'"  See In re Drexel Burnham Lambert Group, Inc., 134 B.R. 493, 497-98 (Bankr. S.D.N.Y. 1991) (quoting Cosoff v. Rodman (In re W.T. Grant, Co.), 699 F.2d 599, 608 (2d Cir. 1983)).  Central to this determination is a comparison of the terms of the settlement with the probable outcome and cost if the litigation or matter in dispute is not settled.  The factors which should be considered by the court in determining whether the settlement is within the range of reasonableness include (1) the probability of success compared to the benefits offered by the settlement, (2) the

complexity of the litigation or matter in dispute, (3) the expense, inconvenience and delay likely to result if the settlement is not approved, (4) the stage of the proceedings, including the extent of the discovery that has been conducted, (5) the experience and ability of counsel who represent the trustee, and (6) the extent to which the settlement is the product of arm's length negotiations and bargaining.  See In re Energy Coop., Inc., 886 F.2d 921, 927 (7th Cir. 1989); In re Drexel Burnham Lambert Group, Inc., 134 B.R. at 497.

    8.   Having considered the foregoing factors, the court is satisfied that the settlement proposed by the Trustee in these cases is above the lowest point in the range of reasonableness, and is fair and reasonable and in the best interest of the estate.  The primary assets of the bankruptcy estates in these cases are the claims which the Debtors have asserted against Alcon and four LADARVision machines.  The essence of the settlement is that the Trustee releases the claims against Alcon and receives $300,000.00 from Alcon for the four machines.  In making this settlement the Trustee has concluded that the probability of success regarding the claims against Alcon weighs decidedly in favor of Alcon.  The record fully supports the Trustee's conclusion.  The various cases in which the claims have been asserted are very complex, both factually and legally.  The outcome of these cases revolves around whether the LADARVision machines are defective as asserted by the

Debtors.  This question involves a complex scientific and technical inquiry that will require qualified experts who can offer competent expert testimony and opinions.  In one of the pending cases, the Debtors' expert witnesses have been excluded from offering expert testimony by pre-trial rulings by the trial judge.  It is very doubtful that the Trustee has the time or resources to obtain additional experts and even if such experts could be located and retained, it is questionable whether additional experts would be allowed to testify at this late date.  This is highly significant because it is likely that the case in which the experts have been disqualified will be tried before the cases pending in North Carolina and the Trustee thus is faced with the prospect of issue preclusion which could further diminish his chances of success in the cases pending in North Carolina.  Although the Debtors have other claims based upon alleged interference by Alcon with Debtors' contractual relations with their physician customers, such claims also involve sharply disputed factual issues and complex damages issues which make it extremely doubtful whether the Trustee would be able to establish significant damages even if these claims were established. Moreover, the pursuit of the litigation and the sale of the LADARVision machines in one sense are mutually exclusive since it is extremely unlikely that the Trustee would be able to sell the machines at the same time he was pursuing litigation based upon the contention that the machines are defective and unsuitable

for use in treating patients.  Apart from this dilemma, the Trustee thus far has been unable to find any prospective purchaser for the machines other than Alcon who is interested in purchasing the machines at any price.  In summary, having reviewed the record in this case and compared the likelihood of success by the Trustee to the benefit offered by the settlement, the court is convinced that such a comparison weighs in favor of approving the settlement.

9.   Other factors which are relevant in evaluating the proposed settlement also weigh in favor of approving the settlement.  If the settlement is not approved and the Trustee has to litigate the contested and complex factual and legal issues involved in the pending cases, the Trustee and the estate will be faced with significant expense and long delay before any funds will be available should the Trustee ultimately prevail.  A portion of the litigation is pending in Texas and the Trustee is thus faced with the prospect of litigating in Texas as well as North Carolina.  These are very difficult circumstances for a Chapter 7 Trustee in a Chapter 7 case in which the bankruptcy estate is virtually penniless.  Also weighing in favor of approving the settlement is the experience and ability of the Trustee who has shown a strong grasp of the legal and factual issues involved in the Alcon litigation and who has the ability and experience to realistically evaluate the strengths and weaknesses of the pending lawsuits.  Finally, the court is satisfied that the proposed settlement is the

product of arms length negotiations and bargaining and that the Trustee has acted in good faith and in the best interests of the bankruptcy estates in agreeing to the settlement.

10. After reviewing the settlement and considering the foregoing factors, together with the arguments in support of and in opposition to the proposed settlement, the court finds and concludes that the settlement is fair and reasonable and in the best interest of the estates of the Debtors and, therefore, should be approved.

Now, therefore, it is ORDERED, ADJUDGED AND DECREED that the Trustee's motion for approval of the settlement with Alcon Laboratories, Inc. and RefractiveHorizons, L.P. is granted and the settlement described in the settlement agreement attached to the Trustee's motion is approved and the Trustee is authorized to consummate the settlement set forth in such settlement agreement in accordance with the terms set forth in the settlement agreement, including the execution and filing of the withdrawals, dismissals, release and other documents called for under the terms of the settlement agreement.

**PARTIES IN INTEREST**

**Served on all parties in interest.**