UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| EBW Laser, Inc., | ) Case No. 05-10220C-7G |
| | ) |
| Debtor. | ) |
| | ) |
| EBW, Inc., | ) Case No. 05-10221C-7G |
| | ) |
| Debtor. | ) |

OPINION AND ORDER

On April 11, 2012, the court entered an order scheduling an evidentiary hearing on April 24, 2012, for a hearing in these cases on (1) Motion for Relief Due to Violations of the Barton Doctrine and to Show Cause ("Motion for Relief") (Docket #419); (2) Supplement to Trustee's Motion for Relief Due to Violations of the Barton Doctrine and to Show Cause ("Supplement") (Docket #424); and (3) Second Supplement to, and Renewal of, Trustee's Motion for Relief and to Show Cause ("Second Supplement")(Docket #484). These motions were filed by Charles M. Ivey, III, the Chapter 7 Trustee ("Trustee") in these cases, seeking damages resulting from a violation of the Barton Doctrine by James Mark McDaniel, Jr. and C. Richard Epes, and their attorney, Douglas S. Harris.

On April 20, 2012, James Mark McDaniel, Jr. and C. Richard Epes ("Movants"), filed a Motion to Recuse requesting that this court "recuse himself from this matter and for such other and further relief as the Court deems just and proper." Prior to

conducting a hearing on the motions scheduled for hearing on April 24, 2012, the court conducted a hearing on the Motion to Recuse. At the conclusion of the hearing on the Motion to Recuse, the court denied the Motion to Recuse. This opinion and order supplements the findings and conclusions stated in open court on April 24 when the Motion to Recuse was denied.

The Motion to Recuse apparently is based upon 28 U.S.C. § 445(a) which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for determining whether a judge's impartiality might reasonably be questioned for purposes of 28 U.S.C. § 445 is an objective standard. United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998). "This objective standard asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" Id. The objective standard required under 28 U.S.C. § 445 abolishes the former rule that courts should resolve close questions of disqualification in favor of a duty to sit, "but it does not require a judge to recuse himself because of 'unsupported, irrational or highly tenuous speculation." Id. at 287. For the court to disqualify itself in such circumstances "would be to set 'the price of maintaining the purity of appearance' too high—it would allow litigants 'to exercise a

negative veto over the assignment of judges. . . . Congress never intended the disqualification statute to yield this result." Id. While the hypothetical reasonable observer contemplated under section 445(a) is not the judge himself or a judicial colleague, "a reasonable outside observer is not a person unduly suspicious or concerned with a trivial risk that a judge may be biased." Id. For the reasons stated in court and in this opinion and order, this court is satisfied that a reasonable, well-informed outside observer, aware of all the facts and circumstances presented here, would not question this court's impartiality.

The Motion to Recuse apparently was prompted by the fact that Eric M. Harvey, a law clerk who last clerked for this court more than two and one half years ago, was employed by the Trustee's law firm, Ivey, McClellan, Gatton and Talcott, at the time of the hearing, having gone to work for that firm in August of 2009 following the completion of his clerkship. Mr. Harvey's employment is alleged to require recusal because, according to the Motion, while he was a clerk, he worked on the matters scheduled to be considered by the court at the April 24 hearing. The Motion asserts that "Eric Harvey, having worked for the Court for two years and including and involving this case, would have special insights into the thinking of the Court specifically on this case and various allegations currently being considered by this Court [sic] originally arose when Eric Harvey was still clerking for the

Court." This allegation is incorrect and was not supported at the hearing on the Motion to Recuse.

The fact that Mr. Harvey was a law clerk during 2007-2009 does not mean that Mr. Harvey therefore must have worked on any matters involving this case that may have arisen during the 2007-2009 time period, as apparently assumed by the Movants. At all times during 2007-2009 the court had more than one law clerk and no single law clerk, including Mr. Harvey, worked on every matter that was considered by the court. At this point, the court has no recollection of Mr. Harvey having worked on any matters that arose in the above-captioned cases nor in the adversary proceeding (A.P. No. 07-2004) that the Trustee filed against the Movants nor does the court recall any discussions with Mr. Harvey regarding any such matters. Although at this point, more than two years after Mr. Harvey's clerkship ended, the court cannot say with absolute certainty that Mr. Harvey never worked on any matter involved in the above-captioned cases or the adversary proceeding or had any discussions with the court regarding any aspect of the cases or the adversary proceeding, the court is satisfied that if Mr. Harvey had any involvement with either these cases or the adversary proceeding it was not a significant involvement and left no lasting impression with the court. Moreover, it is absolutely clear that Mr. Harvey did no work and had no involvement or discussions regarding the Motion for Relief and Supplements that were scheduled for hearing

on April 24.  The precipitating event for the Motion for Relief and the Supplements was the filing of a lawsuit in the Superior Court of Guilford County by the Movants against the law firm of Ivey, McClellan, Gatton and Talcott and three of the attorneys in that firm.  The state-court lawsuit was filed in June of 2009 and first surfaced in the bankruptcy court when the Motion for Relief was filed on October 26, 2009, at a time when Mr. Harvey no longer was clerking in the bankruptcy court.  The Supplement and Second Supplement were filed, respectively, on November 9, 2009 and July 28, 2011, also after Mr. Harvey had completed his clerkship and departed.  The allegations of misconduct on the part of the Ivey law firm referred to in the Motion to Recuse were leveled in the state-court lawsuit in June of 2009 and in subsequent filings by the Respondents in these cases and the adversary proceeding. All of the proceedings in the bankruptcy court occurred after Mr. Harvey had departed and it is clear that he could not have worked on the matters involving the allegations of misconduct on the part of the Ivey firm nor have gained any "special insight" into the court's thinking regarding such matters as alleged in the Motion to Recuse.

According to the Motion to Recuse, the court's impartiality also could reasonably be questioned because of the nature of the matter now before the court which the Motion to Recuse describes as a "hotly contested matter which is far out of the ordinary"

involving the Ivey law firm. Apparently, the contention here is that the court's impartiality could reasonably be questioned because the matter is hotly disputed and is between the Movants and the Ivy law firm where Mr. Harvey accepted employment. While there are aspects of the matters involving the Movants and the Ivey law firm that are "out of the ordinary" and hotly contested, the court does not believe that the matters in dispute are such that a reasonable person, aware of all of the attendant facts and circumstances and not being unduly suspicious, would doubt the ability of the court to decide such matters impartially merely because of the employment of a former law clerk by the law firm. As previously discussed, Mr. Harvey did no work related to the dispute with the Ivey law firm while he was a clerk. Nor is there any allegation by the Movants that Mr. Harvey engaged in any improper conduct either while he was a law clerk or after he went to work at the Ivey firm. While the motion to recuse says Mr. Harvey "likely had an ex parte contact" with the Ivey firm, this innuendo apparently refers to a routine job interview that Mr. Harvey had with the firm without any assertion that any improper discussions or disclosures occurred during the job interview. In fact, the Motion states that the Respondents do not allege that Mr. Harvey "in his new post has discussed or disclosed important insights into the Court's thinking on this case or on any other matter. . . ." Thus, this is not a situation in which a court is

called upon to scrutinize the propriety of the conduct of a former clerk. Also, contrary to the allegations in the Motion, this is not a situation in which the circumstances include the former clerk having worked on the very matters to be decided by the court.

Nor is this a case in which there has been a coverup or failure to disclose information that a reasonable person who was not unduly suspicious would expect to have been disclosed as contended by the Movants. The "preliminary hearing" at which the Motion asserts a disclosure should have been made was a scheduling/pre-trial hearing held on July 20, 2010, regarding the Motion for Relief. The court does not believe that a reasonable, well-informed observer who was aware of all of the circumstances and who was not unduly suspicious would now question the impartiality of the court because the court did not make an announcement at that time regarding the employment of a law clerk which had occurred twelve months earlier and which had been in the public domain and a matter of common knowledge for a year.

Therefore, in accordance with this opinion and order and the court's oral ruling on April 24, 2012, the Motion to Recuse is overruled and denied.

This 14th day of August, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Edwin R. Gatton, Esq.
Charles M. Ivey, III, Esq.
P.O. Box 3324
Greensboro, NC 27402

Jeffrey E. Oleynik, Esq.
P.O. Box 26000
Greensboro, NC 27420

Krispen Culbertson, Esq.
315-F Spring Garden Street
Greensboro, NC 27401

Douglas S. Harris, Esq.
1698 Natchez Trace
Greensboro, NC 27455

Michael D. West, Bankruptcy Administrator